UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARINDERJIT SINGH SANDHU ,

Petitioner,

v.

MARWAYNE MULLIN et al.,

Respondent.

CASE NO. 2:26-cv-01264-BAT

**ORDER GRANTING PETITION AND RELEASE OF PETITIONER**

Petitioner seeks 28 U.S.C. § 2241 relief from immigration detention and requests the Court order: (1) He be immediately released from detention; (2) Respondent's be barred from placing a GPS monitor on Petitioner; (3) Declare Petitioner's redetention violates due process; and (4) award attorney fees and costs. Dkt. 1 (petition).

The Court **GRANTS** the petition as follows.

1.      Respondents contend Petitioner is lawfully detained under 8 U.S.C. § 1225 for failure to comply with conditions of release. Dkt. 5 at 1. Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Petitioner was arrested and detained on October 21, 2024, and was released that same day pursuant to an "Order of Recognizance (OREC) and advised a violation of the OREC could result in redetention. *See* Dkt. 6. Release or "conditional parole" under an OREC is authorized under §

ORDER GRANTING PETITION AND
RELEASE OF PETITIONER - 1

1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Evangelina Herra Gomez v. Wamsley*, 2026 WL 279666 at *2 (W.D. Wash. Feb 3, 2026) (a petitioner released pursuant to an OREC under § 236 was released under § 1226(a), not § 1225(b)); (*Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025) (in determining petitioners, who had been apprehended on arrival, released, and were later apprehended again, were subject to discretionary detention under § 1226(a) not mandatory detention under § 1225(b)(2), the Court considered the Government's treatment of the petitioner seeking habeas relief was "particularly relevant" and found where a petitioner has been "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply.").

The Court accordingly finds Petitioner's detention is governed by § 1226 and he is not subject to mandatory detention under § 1225.

2.    Respondents next argue Petitioner was redetained because after his release in January 2024, he violated his OREC when he was arrested on March 18, 2025 for DUI and was convicted for the offense on February 27, 2026. On March 26, 2026, Petitioner reported to the Seattle ICE field office. Respondents revoked Petitioner's OREC and detained Petitioner at the NW ICE Processing Center. Applying *E.A. T.B v. Wamsley*, 795 F.Supp.3d 1316 (W.D. Wash. Aug. 18, 2025) the Court finds Petitioner possesses due process protections and reviews Respondents' decisions and actions to deprive him of his liberty interests under the three factors set forth in *Mathews*: The private interest affected by the official action; the risk of erroneous

ORDER GRANTING PETITION AND
RELEASE OF PETITIONER - 2

deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

3.    The Court rejects Respondent's argument Petitioner's acknowledged weighty liberty interest is greatly diminished because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action); *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). The first factor *Mathews* weighs in Petitioner's favor.

4.    Respondents argue the risk of constitutionally significant deprivation of liberty is minimal because Petitioner's violation of a condition of his OREC allows redetention without notice or a hearing. The Court rejects this argument. A violation of a condition of an OREC might lead to redetention but only after an examination of the nature and circumstances of the violation and the nature and circumstances of the noncitizen. Here, Petitioner was arrested on March 18, 2025 for DUI, and it appears he was released from custody. He did not flee and did not commit additional criminal offenses. He eventually was convicted for DUI on February 27, 2026 and sentenced to one day of custody, which is the mandatory minimum under state law. *See* RCW 46.61.5055. When summoned to appear at the Seattle ICE field office, he appeared. On this record, while Petitioner violated a condition of his OREC, there is little basis to conclude he poses either a danger to the community or a risk of flight. He was released following his arrest for DUI, did not violate conditions of that release, did not flee, did not commit new crimes,

ORDER GRANTING PETITION AND
RELEASE OF PETITIONER - 3

appeared for his state court proceedings including sentencing, and appeared as directed to the ICE field office. The Court accordingly finds the second *Mathews* factor weighs in Petitioner's favor.

5.    And lastly the Court finds Respondents' interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F.Supp.3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

6.    In sum, the Court finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24 (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.")). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.B*, 795 F.Supp.3d at 1324.

7.    The Court notes the specific circumstances of any future redetention drives what process is due. Thus, the Court finds if Petitioner is redetained Respondents shall provide Petitioner predetention notice and a hearing **unless** detention is statutorily mandatory (which it is not currently). *See Chicoze-Ezechi v. Noem*, 26-cv-00145-BAT (W.D. Wash. Feb. 2, 2026).

8.    The Court finds Respondents shall bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at

ORDER GRANTING PETITION AND
RELEASE OF PETITIONER - 4

any subsequent redetention hearing. *See Pinchi v. Noem,* 792 F.Supp.3d 1012, 1038 (N.D. Cal. July 24, 2025) (Holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.).

9.     Accordingly, the Court **ORDERS**:

a.     Respondents shall immediately release Petitioner from immigration detention within 24 hours from the date and time of issuance of this order. Respondents shall file a certification within 48 hours from the date and time this order was issued that Petitioner has been released. The Court DENIES Petitioner's request that Respondents be barred from applying GPS monitoring upon release.

c.     Respondents shall provide Petitioner with written predetention notice and afford him a hearing **unless** redetention is statutorily mandatory.

d.     At any redetention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

e.     The Court will entertain a motion for EAJA attorney fees and costs. Any motion for fees and costs must be timely filed pursuant to the EAJA statute and shall be noted under Local Rule 7(d)(3)

f.     The clerk shall provide a copy of this order to all parties.

DATED this 7the day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
RELEASE OF PETITIONER - 5